## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAP SE and SYBASE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> TSX ALPHA U.S. INC., <br><br> Defendant. | C.A. No. _____ <br><br> **JURY TRIAL DEMANDED** |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs SAP SE ("SAP") and Sybase, Inc. (collectively, "Plaintiffs"), by and through their attorneys, for their Complaint for Patent Infringement against TSX Alpha U.S. Inc. ("TSX Alpha" or "Defendant") allege as follows:

### NATURE OF THIS ACTION

1. This is a civil action for the infringement of U.S. Patent Nos. 8,396,886 (the "'886 Patent") and 8,549,035 (the "'035 Patent") (collectively, the "Asserted Patents").

### PARTIES

2. Plaintiff Sybase, Inc. is a Delaware corporation, with a principal place of business of 2700 Camino Ramon, Suite 400, San Ramon, California 94583. Sybase, Inc. is a wholly owned subsidiary of SAP SE.

3. Plaintiff SAP SE is a corporation organized and existing under the laws of Germany that maintains an established place of business at Dietmar-Hopp-Allee 16, Walldorf, Germany, 69190.

4. Defendant TSX Alpha is a Delaware corporation, with its principal place of business at 140 Broadway, 46th Floor, New York, NY 10005. TSX Alpha may be served with

process by serving its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, Delaware 19801.

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction under 28 U.S.C. §§ 1331 (federal question) and 1338(a) (action arising under an Act of Congress relating to patents).

6. This Court has general personal jurisdiction over TSX Alpha because as a Delaware corporation, TSX Alpha resides in Delaware.

7. Venue is also proper in this District because, as a Delaware corporation, TSX Alpha resides in this district. 28 U.S.C. § 1400(b).

## PLAINTIFFS' LEADING TECHNOLOGY

8. SAP, including its affiliates such as Sybase, Inc., is a global leader in enterprise applications and business Artificial Intelligence. For over fifty years, Plaintiffs have been serving their customers by uniting business critical operations spanning finance, procurement, human resources, supply chain, and customer experience. Plaintiffs have obtained numerous patents for their innovations from the United States Patent and Trademark Office.

9. Plaintiffs serve a pivotal role in driving the evolution of the global business landscape by exploring and scaling emerging technologies in the business context, building upon the latest app developments, and enabling modern, cloud-native, more-compliant and more-secure software development practices, and providing a human-centric user experience across all devices.

10. Plaintiffs' product and service innovations span a large variety of products and services, including those related to human capital management, extended planning and analysis, customer experience, and spend management for businesses.

## THE ASSERTED PATENTS

11. The '886 Patent, titled "Continuous processing language for real-time data streams," was duly and lawfully issued on March 12, 2013. Sybase, Inc. is the owner of all right, title, and interest in the '886 Patent, including the right to sue for past infringement. The '886 Patent is valid and enforceable. A true and correct copy of the '886 Patent is attached as Exhibit 1. The '886 Patent is directed to a non-conventional technical solution to a technical problem, e.g., "a computer software language for expressing registered queries that operate on one . . . or more data streams continuously," which "may be used in a system where queries are registered with a server and execute continuously." Ex. 1 at 3:32-36.

12. The '035 Patent, titled "Operational information providers," was duly and lawfully issued on October 1, 2013. SAP SE is the owner of all right, title, and interest in the '035 Patent, including the right to sue for past infringement. The '035 Patent is valid and enforceable. A true and correct copy of the '035 Patent is attached as Exhibit 2. The '035 Patent is directed to a non-conventional technical solution to a technical problem, e.g., "a method of using operational information providers to standardize and unify data access to operational data" (Ex. 2, at 1:5-9) and "using operational information providers to enhance an enterprise service oriented architecture (ESOA) and other such architectures by providing an interface to operational data that can be optimized for data and metadata retrieval" (*id.* at 2:20-25).

## TSX ALPHA'S ALPHAX US PRODUCT

13. Defendant TSX Alpha provides AlphaX US: a US equity alternative trading system that offers SEC registered brokers and/or dealers a venue for executing trading strategies. https://www.tmxalphaus.com/faq/.

14. AlphaX US participants (that is, subscribers to AlphaX US) may use AlphaX Hub, an optional interface for AlphaX US available online. AlphaX Form ATS-N/UA filed Jan. 15,

2025 at Item 5, *available* at https://www.sec.gov/Archives/edgar/data/2000464/000200046425000003/xslATS-N_X01/primary_doc.xml. AlphaX Hub enables subscribers "to request Participant Parameters ('PP') (i.e. counterparty selection and minimum execution quantity)" and to specify "the length of time they want PP to apply their orders." https://www.tmxalphaus.com/faq/. Alternatively, without using AlphaX Hub, subscribers can request that AlphaX US set up and/or modify PP. *Id.* Subscribers may also enter their orders directly into AlphaX US, via Financial Information eXchange (FIX) 4.2 or Binary ("Bin") protocol. *Id.*

15. On information and belief, AlphaX US relies on access to continuous data streams, such as securities information processor ("SIP") data feeds or other market data feeds, as well as active orders and trade information to execute trades. *See, e.g.*, AlphaX Form ATS-N/UA filed Jan. 15, 2025, at Items 11, 14, 23.

16. AlphaX US also enables access to confidential trading information, including "real-time information regarding a Participant's orders, executions, and/or routing preferences" and "a Participant's post-trade order and execution metrics or statistics, and/or routing preferences." AlphaX Form ATS-N/UA filed Jan. 15, 2025, at Item 7.

17. Based in New York, Defendant TSX Alpha makes, uses, sells, and offers to sell AlphaX US to customers in the United States, including on information and belief in Delaware. TSX Alpha provides subscribers with access to AlphaX US through servers and datacenters located in New Jersey. https://www.tmxalphaus.com/faq/.

## COUNT I
(Direct Infringement of the '886 Patent)

18. Plaintiffs incorporate by reference and re-allege each of the allegations in Paragraphs 1-17 of this Complaint.

19. Upon information and belief, Defendant infringes under 35 U.S.C. § 271(a) the '886 Patent, including at least claim 1 of the '886 Patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, and/or selling in the United States, without authorization, AlphaX US.

20. For example, claim 1 of the '886 Patent recites "[a] computer-implemented method in a continuous processing system, comprising: subscribing to one or more continuous input data streams from one or more publishers of data streams, wherein each of the one or more continuous input data streams is published in a publisher-specific data representation format via a publisher-specific remote communication protocol; executing a query operation directly on the one or more continuous input data streams, including any windows of data within the one or more continuous input data streams, without any pre-processing of the continuous input data streams, including without storing the continuous input data streams in any data structure, prior to said executing, wherein the query operation is executed on a continuous basis; and publishing, in real time and on a continuous basis, a result of the query operation to one or more output data streams in a subscriber-specific data representation format via a subscriber-specific remote communication protocol as subscribed to by one or more subscribers, wherein the publisher-specific remote communication protocol varies from the subscriber-specific remote communication protocol."

21. Upon information and belief, AlphaX US meets each and every limitation of at least claim 1 of the '886 Patent for at least the reasons outlined in Appendix A attached.

22. As a result of Defendant's infringement of the '886 Patent, Plaintiffs are entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs fixed by the Court.

23. Defendant was made aware of the '886 Patent at least as early as the filing of this Complaint.

24. Since at least the filing of this Complaint, when it was made aware of the '886 Patent, Defendant's infringement has been, and continues to be, willful.

**COUNT II**
(Indirect Infringement of the '886 Patent)

25. Plaintiffs incorporate by reference and re-allege each of the allegations in Paragraphs 1-24 of this Complaint.

26. Upon information and belief, AlphaX US is marketed to, provided to, and/or used by or for Defendant's partners, clients, customers, subscribers, and/or end users across the country and in this District.

27. Upon information and belief, Defendant has induced and continues to induce others to infringe the '886 Patent, including at least claim 1 of the '886 Patent, under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including, but not limited to Defendant's partners, clients, customers, subscribers, and/or end users, whose use of AlphaX US constitutes direct infringement of at least claim 1 of the '886 Patent. For example, Defendant advertises and has advertised use of AlphaX US for broker-dealers. https://www.tmxalphaus.com/.

28. In particular, Defendant's actions that aid and abet others such as its partners, clients, customers, subscribers, and/or end users to infringe include providing instruction materials, demonstrations, and training services showing customers how to use AlphaX US in an infringing manner. https://www.tmxalphaus.com/faq/.

29. After receiving actual notice of the '886 Patent at least as early as the filing of this Complaint, Defendant continued, with specific intent or willful blindness, to induce Defendant's partners, clients, customers, subscribers, and/or end users to infringe the '886 Patent.

30. Upon information and belief, Defendant has contributorily infringed and continues to contributorily infringe the '886 Patent, including at least claim 1 of the '886 Patent, under 35 U.S.C. § 271(c) by offering to sell, selling, and distributing in the United States the infringing functionality of AlphaX US, which is especially made or adapted for use in an infringement of the '886 Patent, and which is not a staple article or commodity of commerce suitable for substantial noninfringing use.

31. As a result of Defendant's indirect infringement of the '886 Patent, Plaintiffs are entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs fixed by the Court.

## COUNT III
(Direct Infringement of the '035 Patent)

32. Plaintiffs incorporate by reference and re-allege each of the allegations in Paragraphs 1-31 of this Complaint.

33. Upon information and belief, Defendant infringes under 35 U.S.C. § 271(a) the '035 Patent, including at least claim 1 of the '035 Patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, and/or selling in the United States, without authorization, AlphaX US.

34. For example, claim 1 of the '035 Patent recites "[a] method of retrieving operational data, the method comprising: at a front-end unit, generating a query for retrieving requested operational data, including real-time operational data; responsive to said generating, sending an

operational information provider from the front-end unit to the back-end unit, wherein the operational information provider is sent as a query interface to describe the query to identify real-time operational data to be retrieved from the back-end unit and to specify a retrieval method for the back-end unit that includes data request and data response operations to be performed by the back-end unit; responsive to receiving the data request and response operations at the back-end unit, executing at least one business operation at the back-end unit, wherein the at least one business operation performs analysis and data mining operations to generate the requested operational data; and receiving at the front-end unit from the back-end unit the requested operational data, including the real-time operational data."

35. Upon information and belief, AlphaX US meets each and every limitation of at least claim 1 of the '035 Patent for at least the reasons outlined in Appendix B attached.

36. As a result of Defendant's infringement of the '035 Patent, Plaintiffs are entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs fixed by the Court.

37. Defendant was made aware of the '035 Patent at least as early as the filing of this Complaint.

38. Since at least the filing of this Complaint, when it was made aware of the '035 Patent, Defendant's infringement has been, and continues to be, willful.

## COUNT IV
(Indirect Infringement of the '035 Patent)

39. Plaintiffs incorporate by reference and re-allege each of the allegations in Paragraphs 1-38 of this Complaint.

40. Upon information and belief, AlphaX US is marketed to, provided to, and/or used by or for Defendant's partners, clients, customers, subscribers, and/or end users across the country and in this District.

41. Upon information and belief, Defendant has induced and continues to induce others to infringe the '035 Patent, including at least claim 1 of the '035 Patent, under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including, but not limited to Defendant's partners, clients, customers, subscribers, and/or end users, whose use of AlphaX US constitutes direct infringement of at least claim 1 of the '035 Patent. For example, Defendant advertises and has advertised the use of AlphaX US for broker-dealers. https://www.tmxalphaus.com/.

42. In particular, Defendant's actions that aid and abet others such as its partners, clients, customers, subscribers, and/or end users to infringe include providing instruction materials, demonstrations, and training services showing customers how to use AlphaX US in an infringing manner. https://www.tmxalphaus.com/faq/.

43. After receiving actual notice of the '035 Patent at least as early as the filing of this Complaint, Defendant continued, with specific intent or willful blindness, to induce Defendant's partners, clients, customers, subscribers, and/or end users to infringe the '035 Patent.

44. Upon information and belief, Defendant has contributorily infringed and continues to contributorily infringe the '035 Patent, including at least claim 1 of the '035 Patent, under 35 U.S.C. § 271(c) by offering to sell, selling, and distributing in the United States the infringing functionality of AlphaX US, which is especially made or adapted for use in an infringement of the '035 Patent, and which is not a staple article or commodity of commerce suitable for noninfringing use.

45. As a result of Defendant's indirect infringement of the '035 Patent, Plaintiffs are entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs fixed by the Court.

## DEMAND FOR A JURY TRIAL

Plaintiffs hereby demand trial by jury on all claims and issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter judgement in their favor and against Defendant, and respectfully request the following relief:

A. A judgment in favor of Plaintiffs that Defendant has directly and/or indirectly infringed and is infringing, either literally and/or under the doctrine of equivalents, one or more claims of the Asserted Patents;

B. A judgment in favor of Plaintiffs that Defendant's infringement of the Asserted Patents has been willful, and that the Defendant's continued infringement of the Asserted Patents is willful;

C. A judicial determination of the conditions for Defendant's future infringement, such as an ongoing royalty;

D. A judgment and order requiring Defendant to pay Plaintiffs damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement;

E. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiffs their reasonable attorneys' fees against Defendant; and

F. All other relief that the Court deems just and proper.

Dated: February 27, 2025

**OF COUNSEL**

Frank C. Cimino (*pro hac vice* to be filed)
Megan S. Woodworth (*pro hac vice* to be filed)
Jason M. Dorsky (*pro hac vice* to be filed)
**VENABLE LLP**
600 Massachusetts Ave NW
Washington, DC 20001
Telephone: (202) 344-4000
fccimino@venable.com
mswoodworth@venable.com
jmdorsky@venable.com

James R. Batchelder (*pro hac vice* to be filed)
James L. Davis, Jr. (*pro hac vice* to be filed)
**ROPES & GRAY LLP**
525 University Avenue, 8th Floor
East Palo Alto, CA 94301
Telephone: (650) 617-4000
james.batchelder@ropesgray.com
james.l.davis@ropesgray.com

Kathryn C. Thornton (*pro hac vice* to be filed)
**ROPES & GRAY LLP**
2099 Pennsylvania Avenue
N.W. Washington, D.C. 20006
Telephone: (202) 508-4600
kathryn.thornton@ropesgray.com

Abed Balbaky (*pro hac vice* to be filed)
Meredith Cox (*pro hac vice* to be filed)
**ROPES & GRAY LLP**
1211 Avenue of the America
New York, NY 10036
Telephone: (212) 596-9062
abed.balbaky@ropesgray.com
meredith.cox@ropesgray.com

**VENABLE LLP**

 /s/  *Daniel A. O'Brien*
Daniel A. O'Brien (No. 4897)
1201 North Market Street, Suite 1400
Wilmington, DE 19801
Telephone: (302) 298-3523
dao'brien@venable.com

*Attorneys for Plaintiffs*